GEORGE R. MILLER *v.* CHAS. J. FORBES, ET AL.

**Title Bond.** .

> One who asserts a claim under a bond for a deed has the burden to show his title; and where he fails to show title, the possession being in another, he is not entitled to relief.

APPEAL FROM LAWRENCE CIRCUIT COURT.

February 14, 1884.

OPINION BY JUDGE PRYOR:

While there is evidence conducing to establish the existence of a bond from the attorney in fact of Forbes to the appellant, it is by no means certain that this bond embraced more land than the two hundred acres for which the one hundred dollar note was executed. It was incumbent on Miller and not on the appellees to show title. By his answer and cross-petition he was asserting claim to a considerable tract of land by reason of his purchase from the attorney of Forbes, and if he fails in showing title, the possession being in the appellees or those under whom they claim, he is not entitled to the relief sought in his cross-petition. In fact it is charged by Forbes that Miller sold all his interest to Chapman and McHenry and this is not denied by Miller. He gave an order on Apperson to Chap-

man for the bond executed to him, and describes it as a bond for two hundred acres, and in a controversy with adverse claimants it becomes necessary to show the right and title of Miller. They all claim under Forbes. The heirs of Headley purchased the land of Forbes, and if there was no prior sale to Miller there is no reason why they should not hold the land.

This bond for title under which Miller claims to hold the land was executed in the year 1845, and with the land increasing in value and the demands of Miller requiring the use and perhaps the disposition of his property, still he is not demanding title nor offering to meet his engagements until the institution of this original action.

It is not pretended that he paid the purchase-money but he is now claiming by reason of a bond he fails to exhibit the right to make payment and to hold as owner a large tract of land, when it is manifest that he was insolvent for years, and gave in no estate other than the two hundred acres purchased of Apperson and about which there is no controversy. The fact is, if he held such a bond it was surrendered to Apperson when an attempt was made to survey the two hundred acres and its location did not suit the purposes of the appellant. This is the last time the bond is heard of, and its contents have not been satisfactorily proved by any witness. The particularity with which the boundaries are given by one of the witnesses and their recollection of the most minute features of the bond cast grave suspicion on their recollection, and leave room to believe that they have been educated since this suit was brought as to the contents of the instrument. There is no such possession by appellant as gives title, and no reason shown why the judgment below should be reversed. It is not material whether the two hundred acres of land was sold to Chapman and McHenry by writing or by parol.

It is admitted that the purchase-money is unpaid to the original vendor and he is entitled to his money. The only question settled by the judgment below is as to the claim of Miller for more land than the two hundred acres, and all other questions are reserved. The court below has adjudged that Miller only purchased the two hundred acres, and in this view of the case the judgment is correct. He is without any right to more land by reason of his purchase from Apperson, and even if he had ever made an exhibition of the bond dated in 1845, with other parties in possession claiming against

his title, the court would not enforce its terms so as to turn them out of possession.

Judgment *affirmed.*

*W. M. Fulkerson, Alexander Lackey,* for appelant.

*K. F. Pritchard,* for appellees.